PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* SERAPIO ROSA ARIAS, Defendant and Appellant.

No. 6321. Argued December 16, 1936.—Decided December 18, 1936.

*Obdulio Bauzá* and *Gaspar Gerena Bras* for appellant. *R. A. Gómez, Prosecuting Attorney,* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

Serapio Rosa Arias, convicted of disturbing the peace, has appealed from the judgment, contending that in accordance with the evidence presented the lower court should have acquitted him.

Insular policemen Pascasio Lamourt and José Nieves Hidalgo were witnesses for the People in this case. The former says that on the night of December 13, 1935, on San José Street, Lares, he and his companion officer Nieves Hidalgo saw two persons fighting about 25 or 30 meters away; that they approached and found that the persons fighting were Serapio Rosa and José Viera, whom they separated; that Serapio had a bruise on the left temple from which blood was flowing and the other held a stone in his hand; that people gathered at the scene of the action and the peace was disturbed; that he does not know how the quarrel started, and that they arrested both contendants.

José Nieves Hidalgo testifies that he and his companion could see that there were two persons fighting and striking each other, that he saw Serapio Rosa Arias with a wound in his left temple and José Viera Cruz with a stone in his hand, but when they reached the spot the contestants had already been separated. He adds that he knows nothing more.

Witness for the defense Felipe Vargas testifies that on night to which the complaint refers he was walking toward the café of Salvador Barreto for the purpose of buying bread and that he saw Pepe Viera arguing with another man there; that Pepe Viera pushed this other man, and Serapio told him not to hit that poor soul; that then Pepe Viera answered him; "I'll hit him and you too", and he immediately hit Serapio in the cheek with his fist; that Serapio said to him: "I am not hitting you", and that then they were separated; that Pepe Viera "fell there with a stone in his hand" and Serapio Rosa was bleeding in the cheek.

Silas Ortiz, also a witness for the defense, testifies that in the month of December, he does not remember exactly the date, he met a group of persons who were holding an animated conversation, that among them he knew Serapio Rosa, Viera, and Fernando Irizarry; that at that moment a boy came up, who is bow-legged, a poor devil, and physically inferior, and that Viera pushed this man; that then Serapio Rosa tried to prevent Viera from striking that unfortunate person and said to him: "How can you hit that poor fellow?"; that Viera, in a challenging manner, took a stone and attacked Serapio, who attempted to stop the man and seized him; that at that moment the police arrived and Viera was still in a menacing attitude with a stone in his hand; that the defendant tried to prevent Viera from striking that poor fellow. After the defense had closed its evidence policeman Nieves Hidalgo again appeared and testified that Serapio Rosa and José Viera were exchanging blows at close

quarters but that when he and his companion arrived they had already been separated.

Witness Pascasio Lamourt also appeared and testified that both contestants were clinching and struggling, but that he does not know whether they were striking one another in this movement; that as they were far away he saw them struggling in a clinch, but he does not know whether or not they were striking each other. In the complaint, which was sworn by this policeman, it is said that Serapio Rosa and José Viera caused a breach of public peace in an affray in which they both engaged, battering each other with their fists. The complaint is shown to him and then he testifies that both parties battered each other thus, with their fists, and held one another. To questions of the defense he answers that while running toward the place of the happening they could see their movements, as though they were striking each other; that when they were in a clinch they held, caught and struck each other.

This is all the evidence presented. It is true that policeman Lamourt, when he returned to the stand, after the defense had closed its evidence, stated, under the pressure of the judge's questions, when the complaint sworn to by him was shown to him, that Viera and Serapio struck each other. The truth is that those policemen were some distance away when they saw those two persons engaged in a struggle. The policemen did not see how this struggle began. The witnesses for the defense testify in an explicit and categorical manner, and they have not been contradicted, that Serapio Rosa intervened to tell Viera not to hit "a boy, who is a poor bowlegged wretch and physically inferior"; and that it was at that moment that the said Viera attacked Serapio Rosa, who received a wound in his cheek. The policemen themselves testify that when they reached the spot Viera had a stone in his hand and the defendant was bleeding. In view of the evidence presented by the People and by the defense, we are of the opinion that it has not been shown that the defend-

ant is guilty of disturbing the peace. If, as the witnesses for the defense testify, he was really attacked and only attempted to defend himself against the attack, it cannot be said that he has committed the offense imputed to him. There is no evidence that the defendant attacked Viera. There is only the testimony of the two policemen who say that they saw both parties engaged in a struggle. There is no conflict between the testimony of the witnesses for the defense. The evidence presented by both sides may be perfectly harmonized. The fact that the policemen saw the struggle between the two persons does not mean that the defendant was voluntarily attacking José Viera. He could have been defending himself against the attack of which he was the victim, without being guilty of the quarrel imputed to him. He could have been holding off his aggressor, as policemen Pascasio Lamourt said at first, when he stated that he saw the two in movement, and could not notice whether or not they were striking each other. The only witnesses who saw what happened from the beginning exonerate Serapio Rosa of any blame. It cannot be said that the defendant maliciously and wilfully disturbed the peace because the evidence does not justify this conclusion.

In the case of *People* v. *Torres,* 18 P.R.R. 897, the judgment was reversed and the defendant acquitted because it was not proved that he wilfully and maliciously disturbed the peace. In that case a mutual affray between two persons was also alleged. This doctrine was ratified later in the case of *People* v. *Franquis,* 24 P.R.R. 575.

The judgment appealed from must be reversed and the defendant acquitted.

Mr. Chief Justice Del Toro took no part in the decision of this case.